**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GMI HOLDINGS, INC., | **Case No. 22-cv-9659** |
| *Plaintiff*, | **COMPLAINT** *for:* |
| v. | **(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)** |
| MERKURY INNOVATIONS LLC, | **(2) UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))** |
| *Defendant*. | **(3) CANCELLATION (15 U.S.C. § 1119)** |
| | **(4) DILUTION AND INJURY TO BUSINESS REPUTATION (N.Y. GEN. BUS. § 360-*l*)** |
| | **(5) TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (NEW YORK COMMON LAW)** |
| | ***Jury Trial Demanded*** |

## COMPLAINT

Plaintiff GMI Holdings, Inc., by and for its Complaint against Defendant Merkury Innovations LLC, alleges to the Court as follows:

## PARTIES

1.       GMI Holdings, Inc. ("GMI") is a company organized and existing under the laws of the State of Delaware, with a principal place of business at One Door Drive, Mount Hope, Ohio 44660.

2.       GMI is informed and believes that Defendant Merkury Innovations LLC ("Merkury") is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 45 Broadway, Suite 350, New York, New York 10006.  According to the website for New York's Department of State, Merkury may be served via Paul DeFilippo at 45 Broadway, Suite 350, New York, New York 10006.

1

## JURISDICTION

3.      This is an action at law and in equity for trademark infringement under the Lanham Act, 15 U.S.C. § 1114, unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), cancellation of a federal trademark registration under 15 U.S.C. § 1119 based on likelihood of confusion, and for related claims of trademark infringement, unfair competition, and deceptive trade practices under the statutory and common law of the State of New York.

4.      This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a) and (b), and supplemental jurisdiction over the claims arising under the statutory and common law of the State of New York pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5.      This Court has personal jurisdiction over Merkury at least because Merkury has committed and is committing infringing acts in the State of New York and in this Judicial District, and, at all times pertinent hereto, upon information and belief, Merkury has been and is incorporated in the State of New York and maintains its principal place of business in this Judicial District.

## VENUE

6.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Merkury resides in this Judicial District, is subject to personal jurisdiction in this Judicial District due at least to, upon information and belief, Merkury's formation in New York and its systematic business operations in New York and in this Judicial District, and because a substantial part of the relevant events giving rise to GMI's Complaint has occurred in this Judicial District.

2

## BACKGROUND

7.      GENIE has been a trusted brand in the home and building access control products market for nearly 70 years.

8.      In 1954, GMI's predecessor The Alliance Manufacturing Company ("Alliance") developed the first mass-produced, radio-controlled residential garage door opener and adopted the mark "GENIE" to identify these residential garage door opening products.

9.      After a claimed first use of June 25, 1954, in August 1954, Alliance applied for, and in September 1955, was granted, its first federal trademark registration for the GENIE mark, U.S. Trademark Registration No. 0612987 for use with electric motor powered garage door operators, radio controlled garage door operators, and electrical controls therefor.  Currently, this registration is valid, incontestable, and enforceable.

10.      Since that time, GMI and its predecessors in interest have been doing business as "The Genie Company," and have expanded its offerings beyond garage door operators to include a wide range of home and building access control products and related accessories complementary and related to its original product line of garage door opening systems, including but not limited to smart home automation products and services.

11.      For example, in addition to garage door openers and controllers, GMI has offered and continues to offer lighting products, door sensors, motion detecting sensors, switches, surge protectors, smartphone enabled controllers, and various smart home solutions all sold under or in association with the GENIE brand.

4874-9257-2468

  

LED Light Bulb                          Surge Protector



Door Position Sensor

(*See* https://www.geniecompany.com/led-light-bulb-/LED-Bulb) (last visited Nov. 8, 2022);

https://www.geniecompany.com/garagedooropeneraccessories/Surge-Protector (last visited Nov.

8, 2022); https://www.geniecompany.com/garagedooropeneraccessories/Door-Position-Sensor-PRO (last visited Nov. 8, 2022).)

12.    As early as August 2015, GMI began to actively promote and use in the marketplace its GENIE mark on "smart" mobile devices (*e.g.*, smartphone, tablet) using a mobile application ("app") named "Aladdin Connect." Now, owners of certain GENIE branded products can remotely control the operation of garage door openers either directly through the use of the GENIE ALADDIN CONNECT app, or indirectly through a third party smart home automation product. Provided below is a snip from the Google App Store noting that the Aladdin Connect application was first launched in August, 2015.



13.    In or around 2015, GMI also began introducing into the marketplace and actively promoting garage door controllers capable for use with the GENIE ALADDIN CONNECT app or through third party home automation systems.  Provided below are photographs of one such product, note the copyright date of 2015.

5









14.     As early as September 2015, GMI began actively promoting compatibility of the GENIE ALADDIN CONNECT system with third party smart home automation systems specifically, the IRIS branded smart home automation management system, operated by Lowes Corporation, Inc., operator of the Lowes Home Improvement stores.

6

4874-9257-2468

**Q12:  Can I use Aladdin Connect in conjunction with Lowe's IRIS home automation management system?**

A:  Yes.

(**Exhibit B** ("FAQ's for Genie Aladdin Connect" (Sept. 2015)).)

15.    Since September 2015, GMI cooperation with third party smart home automation management systems has expanded to include joint promotional partnerships with some of the biggest brands in home automation including Google and Alexa.



(*See* https://www.geniecompany.com/aladdin-connect-smart-home-partners (last visited Nov. 8, 2022).)

16.    GMI's current list of smart home product and service providers for use with the GENIE ALADDIN CONNECT products include Amazon Alexa®, Google Home® and Google Assistant®, Samsung SmartThings, Alarm.com®, Control4®, Clare™ Controls, Yonomi®, Brilliant Smart Home System, URC Total Control, Jervis Systems, and Orro.  (*See* https://www.geniecompany.com/aladdin-connect-smart-home-partners  (last  visited  Nov.  8, 2022).)



(*See* https://store.geniecompany.com/collections/smart-device-compatible (last visited Nov. 8, 2022).).)

17.     GMI's product offering expansion into the smart home and home automation spaces has continued with its BenchSentry® solution for secure package delivery.  Through integration with GMI's Aladdin Connect app, BenchSentry® provides a secure container typically positioned outside a user's home for the safe delivery and receipt of packages from vendors such as FedEx, Amazon, and the like.  As seen below, the BenchSentry® product is marketed and promoted as "BenchSentry® BY GENIE.



(*See* https://www.geniecompany.com/aladdin-connect-smart-home-partners-/bench-sentry (last visited Nov. 8, 2022).).)

8

18.    Further expansion into smart home automation products and services is reflected in GMI's active promotion and sale of smart security cameras on its website store.geniecompany.com.



(*See* https://store.geniecompany.com/products/wyze-camera-v3 (last visited Nov. 8, 2022)*.*)

## THE MARKS-IN-SUIT

19.    GMI has used and continues to use in commerce the stand-alone GENIE mark along with various trademarks and service marks that incorporate the distinctive term GENIE, including GENIE-formative marks such as THE GENIE COMPANY, GENIE ALADDIN CONNECT, and GENIE SMART HOME INNOVATIONS (collectively "GENIE Marks").

20.    Since at least as early as June 25, 1954, GMI and its predecessors have used and promoted its line of garage door opening systems, home and building access control products, and later developed smart home automation products and services under the stand-alone GENIE mark.

21.    GMI has memorialized some of its exclusive, proprietary rights in the GENIE Marks by securing the following trademark registrations before the U.S. Patent and Trademark Office:

4874-9257-2468

| Mark | Reg. No. | Filing Date | Date of First Use | Goods/Services |
|------|----------|-------------|-------------------|----------------|
| GENIE | 0612987 | Aug. 31, 1954 | June 25, 1954 | Electric motor powered garage door operators, radio controlled garage door operators, and electrical controls therefor |
| GENIE | 0859481 | Mar. 21, 1968 | June 27, 1965 | Repair and maintenance of electric and electronic garage door opener equipment |
| GENIE | 1855079 | April 1, 1993 | June 3, 1993 | Garage door hardware made primarily of metal; namely, brackets, cable sets, deadlocks, handles, hinges, locking handles, locks, pull/hook assemblies, roller fixtures, rollers, springs, swivel latch mounts |
| GENIE | 2834183 | June 25, 2003 | 1996 | Garage door hardware made primarily of metal, namely, brackets, cable sets, deadlocks, handles, hinges, locking handles, locks, pull/hook assemblies, roller fixtures, rollers, springs, swivel latch mounts |
| GENIE | 1806995 | Feb. 22, 1993 | Aug. 9, 1983 | Lubricants for machinery |
| GENIEMASTER | 4355046 | Mar. 20, 2012 | Jan. 2013 | Radio and electric remote control transmitters and receivers for door and gate operators, parts for the above, and instruction manuals sold therewith |
| GENIE | 5087154 | Nov. 3, 2014 | Dec. 2015 | Electronic door opening and closing system; Power Controllers; Remote controls for doors and gates; Electronic security devices, namely, electronic controls for granting access and egress through doors and gates; Radio receiver units, being radio receivers, Radio transmitter units, being radio transmitters, computer keypads and electronic card readers; Access control systems for providing, and restricting access to electronically monitored and secured enclosures; Facilities management software, namely, software to control building access and |

4874-9257-2468

| Mark | Reg. No. | Filing Date | Date of First Use | Goods/Services |
|---|---|---|---|---|
| | | | | security systems; Home, office and industrial automation systems comprising wireless and wired controllers, controlled devices, and software for lighting, security, safety and other home, office and industrial monitoring and control applications; Lighting controls; computer hardware; Computer hardware and software system for remotely monitoring controlling devices within a building, facility, grounds, or designated spatial area; Computer hardware and computer peripheral devices; Computer hardware and software systems for remotely controlling lighting devices, access devices, security devices within a building or building perimeter; Security alarm controllers; Security alarms; Security control panels; Security lights for outdoor use; Security products, namely, entry door systems comprising touch pads; Electric monitoring apparatus, namely, computer hardware and software used to transmit electronic messages and data via communications networks |
|  and | 6883450 | Sept. 8, 2021 | 2007 | Lubricants for machinery

Hardware made primarily of metal for doors and gates, namely, brackets, rails, chains, cable sets, deadlocks, handles, hinges, locking handles, locks, latches, rollers, springs, chain and belt tensioners being tensioner brackets, carriage pins and pulley brackets, and pulleys |
|  | 6883448 | Sept. 8, 2021 | 2007 | |
| | | | | Electric door opening and closing systems; electric door and gate operators; electric motors for door opening and closing systems and door and gate operators; parts and |

4874-9257-2468

| Mark | Reg. No. | Filing Date | Date of First Use | Goods/Services |
|---|---|---|---|---|
| | | | | accessories for door opening and closing systems and door and gate operators, namely, gears, sprockets, clutches, and disc brakes<br><br>Parts and accessories for electronic door opening and closing systems and electronic door and gate operators, namely, proximity sensors, batteries, remote controls, digital keypads, electronic card readers, electrical switches, push buttons being integral parts of electrical touch pads, electrical key switches, pull switches, timers, wireless transmitters, wireless receivers, antennas, circuit boards, electrical transformers, electrical capacitors, electrical resistors, and electrical wire harnesses; portable car battery charger and accessories therefor, namely, cables and adapters; downloadable computer software, namely, software to control door opening and closing systems, door and gate operators, and light assemblies<br><br>Light assemblies for door opening and closing systems and door and gate operators; light sockets; light bulbs<br><br>Garage parking guides comprising a colored rubber ball attached to a line for suspending from a garage ceiling<br><br>Installation, repair, and service of garage doors, commercial doors, gates, door opening and closing systems, and door and gate operators |

22. With the exception of U.S. Trademark Reg. Nos. 6883450 and 6883448 identified above, all of GMI's granted registrations for its GENIE Marks have achieved *incontestable* status. A true and correct copy of the registration certifications are attached hereto as **Exhibit A**.

23.     As a result of its promotion and use in the marketplace, the scope of GMI's use and rights in the GENIE Marks extends beyond the goods and services specifically included in the registrations listed above and also extends to other GENIE-formative marks so GMI has valid and protectable common law rights in its GENIE Marks beyond just the goods and services specifically listed above in paragraph 21.

<u>**MERKURY'S INFRINGING ACTS**</u>

24.     Without GMI's consent or authorization, and beginning decades after GMI acquired protectable, exclusive rights in its GENIE Marks as used on home and building access control products and smart home automation products and services, Merkury adopted and began using the mark GEENI ("GEENI Mark") in connection with its advertisement, promotion, and sale of home and building access control products and smart home automation products and services, including, for example, smart garage door openers, lighting products, security cameras, surge protectors, and door sensors, along with complementary and related products and services.





(*See* https://mygeeni.com/products/smart-garage-opener (last visited Nov. 8, 2022); https://mygeeni.com/products/lux-800-smart-wi-fi-led-white-light-1 (last visited Nov. 8, 2022); https://mygeeni.com/products/extend-smart-wi-fi-outlet-extender-white (last visited Nov. 8, 2022); https://mygeeni.com/products/hawk-1080p-hd-outdoor-security-camera-white (last visited Nov. 8, 2022); https://mygeeni.com/products/geeni-smart-wi-fi-door-window-sensor-2-pack-white (last visited September 20, 2022).)

25.     Without GMI's consent or authorization, and beginning after GMI acquired the exclusive rights in its GENIE Marks, Merkury registered the domain name mygeeni.com and began using the website "mygeeni.com" to advertise, promote, and sell home and building access control products along with a wide range of smart home automation products and services under

the GEENI Mark, including smart garage door openers, lighting products, surge protectors, cameras, and door sensors, along with complementary and related products and services.

26.      Without GMI's consent or authorization, and several years after GMI began using the GENIE Mark in conjunction with a home automation application, in or around 2018, Merkury launched a home automation app to access and control the full suite of GEENI branded smart home products including lights, security cameras, and garage door openers.



27.      Merkury actively promotes its GEENI application software in conjunction with home automation partners such Google and Alexa:

15



(*See* https://mygeeni.com/ (last visited Nov. 8, 2022).)

28.     The GEENI Mark adopted and used by Merkury is phonetically identical to GMI's stand-alone GENIE mark.

29.     The products on which the GEENI Mark is used are directly competitive with products promoted and sold by GMI including, but not limited to, garage door controllers, light bulbs, smart switches, door sensors, and security cameras.   Other smart products on which Merkury uses the GEENI Mark are related to the products and services on which GMI uses its GENIE Marks, such as humidifiers, air purifiers, essential oil diffusers, pet feeders, and pet watering fountains.

30.     Both GMI and Merkury promote and sell their respective products through common trade channels such as Lowes Home Improvement stores and website, Home Depot stores and website and Amazon website.

31.     Merkury's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Merkury's goods and services and are likely to deceive the relevant consuming public into

4874-9257-2468

mistakenly believing that Merkury's goods and services originate from, are associated with, and/or are otherwise authorized by GMI or connected in some way to GMI or the GENIE brand.

32.    Upon information and belief, Merkury's acts were and are willful and were and are being undertaken with the deliberate intent to trade on the goodwill of GMI's GENIE Mark and to cause consumer confusion and deception in the marketplace.

## COUNT I

## INFRINGEMENT OF A REGISTERED TRADEMARK UNDER 15 U.S.C. § 1114

33.    GMI repeats and re-alleges each and every allegation contained in paragraphs 1-32 inclusive, as though fully set forth herein.

34.    Merkury's unauthorized use in commerce of the GEENI Mark as alleged herein is likely to cause confusion, to cause mistake, or to deceive consumers with regard to GMI's GENIE Marks.  Merkury's conduct therefore constitutes infringement of GMI's GENIE Marks in violation of 15 U.S.C. § 1114.

35.    Specifically, these actions constitute infringement of the various registrations of the GENIE Marks listed in paragraph 21.

36.    Upon information and belief, Merkury's infringement of GMI's registered GENIE Marks has been and is deliberate, willful, and in bad faith.

37.    As a direct and proximate result of the unlawful acts described above, GMI has been damaged, and Merkury has been unjustly enriched, in an amount to be determined at the time of trial.

38.    Unless enjoined by this Court, Merkury's unlawful acts will continue to cause irreparable damage, loss, and injury to GMI for which it has no adequate remedy at law.

4874-9257-2468

39.     Pursuant to 15 U.S.C. §§ 1116-1117, GMI is entitled to injunctive relief, to actual damages in an amount to be determined at trial, to have such damages trebled, to Merkury's profits, to the costs of this Action, and to its attorneys' fees.

## COUNT II

## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a)

40.     GMI repeats and re-alleges each and every allegation contained in paragraphs 1-39, inclusive, as though fully set forth herein.

41.     In addition to the registered GENIE Marks, GMI also owns valuable common law trademark rights in the GENIE Marks for use with home and building access control products and smart home automation products and services.  By virtue of GMI's use of the stand-alone GENIE mark in connection with the promotion and sale of home and building access control products and smart home automation products and services beginning more than 70 years ago, the GENIE Marks have gained widespread consumer recognition and have developed valuable associated goodwill.

42.     Upon information and belief, Merkury has used, is using, and intends to continue using the GEENI Mark in interstate commerce in connection with the promotion and sale of home and building access control products, smart home automation products and services along with complementary and related products and services without the consent or authorization of GMI.

43.     Merkury's unauthorized use in commerce of the GEENI Mark as alleged herein is likely to cause confusion as to (1) the affiliation, connection, and/or association between GMI and Merkury and products bearing the respective GENIE and GEENI Marks; (2) the sponsorship, endorsement, and/or approval of Merkury's goods and/or services by GMI; and (3) the origin of Merkury's goods and/or services.  Merkury's conduct therefore violates 15 U.S.C. § 1125(a).

44.    Upon information and belief, Merkury's infringement of GMI's common law GENIE Marks has been and is deliberate, willful, and in bad faith.

45.    As a direct and proximate result of the unlawful acts described above, GMI has been damaged, and Merkury has been unjustly enriched, in an amount to be determined at the time of trial.

46.    Unless enjoined by this Court, Merkury's unlawful acts will continue to cause irreparable damages, loss, and injury to GMI for which it has no adequate remedy at law.

47.    Pursuant to 15 U.S.C. §§ 1116-1117, GMI is entitled to injunctive relief, to actual damages in an amount to be determined at trial, to have such damages trebled, to Merkury's profits, to the costs of this Action, and to its attorneys' fees.

## COUNT III

### CANCELLATION OF FEDERAL TRADEMARK UNDER 15 U.S.C. § 1119 DUE TO LIKELIHOOD OF CONFUSION

48.    GMI repeats and re-alleges each and every allegation contained in paragraphs 1-47, inclusive, as though fully set forth herein.

49.    Merkury is the owner of U.S. Trademark Registration No. 5,224,448 for the GEENI Mark for use with a variety of computer software and electronics products and devices such as light sensors, door and window sensors, motion sensors, electrical plugs and surge protectors, video cameras, thermostats, smoke detectors, and remote controls for light bulbs and lighting devices.

50.    Merkury has no right or entitlement to the registration or use of the GEENI Mark with the goods listed in the registration, at least because, as set forth above, the GEENI Mark "[c]onsists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office, or a mark or trade name previously used in the United States by another and

not abandoned [*i.e.*, the stand-alone GENIE mark that has been in use for more than 70 years], as to be likely, when used on or in connection with the goods of the applicant, to cause confusion, or to cause mistake, or to deceive," in violation of 15 U.S.C. § 1052(d).

51.     Merkury's continued use and its registration of the GEENI Mark will continue to cause damage, loss, and injury to GMI, at least because such use and registration is likely to cause confusion, cause mistake or to deceive consumers, or to cause confusion as to the sponsorship, affiliation, connection, and/or association between Merkury and GMI and is likely to cause consumers to believe, contrary to fact, that Merkury's goods and services are sold, authorized, endorsed, or sponsored by GMI, or that Merkury is in some way affiliated with or sponsored by GMI or connected to GMI or the GENIE Marks, in violation of 15 U.S.C. § 1064.

52.     The GENIE Marks and this litigation relating to Merkury's infringement thereupon have a sufficient nexus to Merkury's U.S. Trademark Registration No. 5,224,448 for the GEENI Mark. The GEENI Mark registration is therefore subject to cancellation in this Action pursuant to 15 U.S.C. § 1119.

## COUNT IV

### DILUTION AND INJURY TO BUSINESS REPUTATION UNDER NEW YORK GENERAL BUSINESS LAW § 360-l

53.     GMI repeats and re-alleges each and every allegation contained in paragraphs 1-52, inclusive, as though fully set forth herein.

54.     Merkury's conduct complained of herein constitutes dilution and injury to business reputation in violation of New York General Business Law § 360-*l*.

55.     Specifically, Merkury's use of the GEENI Mark as alleged and described above is likely to cause injury to the business reputation of GMI and cause dilution of the distinctive quality of its GENIE Marks.

56.     Upon information and belief, Merkury's actions have been and are deliberate, willful, and in bad faith, undertaken with intent to cause injury to the business reputation of GMI and cause dilution of the distinctive quality of the GENIE Marks.

57.     As a direct and proximate result of the unlawful acts described above, GMI has been damaged, and Merkury has been unjustly enriched, in an amount to be determined at the time of trial.

58.     Unless enjoined by this Court, Merkury's unlawful acts will continue to cause irreparable damage, loss, and injury to GMI for which it has no adequate remedy at law.

## COUNT V

## COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

59.     GMI repeats and re-alleges each and every allegation contained in paragraphs 1-58, inclusive, as though fully set forth herein.

60.     Merkury's unauthorized use in commerce of the GEENI Mark as alleged and described above further constitutes unfair competition and infringement of GMI's common law rights in the GENIE Marks under the common law of the State of New York.

61.     Upon information and belief, Merkury's actions have been and are willful and intended to cause confusion, mistake, or deception as to the affiliation, connection, or association between Merkury and GMI, and/or between the GEENI Mark and the GENIE Marks.

62.     As a direct and proximate result of the unlawful acts described above, GMI has been damaged, and Merkury has been unjustly enriched, in an amount to be determined at the time of trial.

63.     Unless enjoined by this Court, Merkury's unlawful acts will continue to cause irreparable damage, loss, and injury to GMI for which it has no adequate remedy at law.

## PRAYER FOR RELIEF

Wherefore, GMI respectfully requests that this Court enter an Order and Judgment against Merkury as follows:

A.    For a judgment that Merkury has infringed GMI's trademark rights in violation of the Lanham Act, 15 U.S.C. § 1114;

B.    For a judgment that Merkury has engaged in unfair competition and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a);

C.    For an order cancelling Merkury's federal trademark registration for GEENI under 15 U.S.C. § 1119;

D.    For a judgment that Merkury has diluted and injured GMI's business reputation in violation of New York General Business Law § 360-*l*;

E.    For a judgment that Merkury has engaged in trademark infringement and unfair competition in violation of the common law of New York;

F.    For a judgment that Merkury's foregoing misconduct was willful;

G.    For a preliminary and permanent injunction enjoining Merkury and its agents, officers, directors, employees, and all persons or entities in privity or active concert or participation with them, directly or indirectly, from engaging in the foregoing misconduct;

H.    For an order awarding GMI, under 15 U.S.C. § 1117, (i) all profits received by Merkury from sales and revenues of any kind made as a result of Merkury's infringement of GMI's trademark rights, (ii) all damages sustained by GMI as a result of Merkury's infringement of GMI's trademark rights, trebled, and (iii) GMI's costs incurred in this Action;

4874-9257-2468

I.      For an order awarding GMI its damages for Merkury's violation of New York General Business Law § 360-*l* and the common law of New York;

J.      For a judgment and award of any supplemental damages sustained by GMI for any continuing post-verdict infringement of GMI's trademark rights until entry of final judgment with an accounting as needed;

K.      For an order finding that this case is exceptional and awarding to GMI its reasonable attorneys' fees, as available by law, to be paid by Merkury;

L.      For an award of pre-judgment interest, post-judgment interest, and costs in this action; and

M.      For an award of such other relief to GMI as this Court deems just and proper.

## **JURY DEMAND**

GMI requests a jury trial on all issues so triable.

4874-9257-2468

Dated:     November 11, 2022                    Respectfully submitted,
           New York, New York

                                                /s/ Nicole M. Marschean
                                                Nicole Marschean
*Of Counsel*:                                   FOLEY & LARDNER LLP
                                                90 Park Avenue
Kadie M. Jelenchick                             New York, NY 10016
FOLEY & LARDNER LLP                             (212) 338-3634
777 East Wisconsin Avenue                       nmarschean@foley.com
Milwaukee, WI 53202
(414) 271-2400
kjelenchick@foley.com                           *Attorneys for Plaintiff GMI Holdings, Inc.*

Richard J. McKenna
FOLEY & LARDNER LLP
777 East Wisconsin Avenue
Milwaukee, WI 53202
(414) 271-2400
rmckenna@foley.com

Daniel P. Flaherty
FOLEY & LARDNER LLP
321 North Clark Street, Suite 3000
Chicago, IL 60654
(312) 832-4500
dflaherty@foley.com